IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30114-SMY-2 |
| | ) |
| ROBERT SMITH | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**YANDLE, District Judge:**

**Background**

Defendant Robert Smith pleaded guilty to one count of conspiracy to distribute controlled substances and one count of money laundering conspiracy on August 23, 2022 (Doc. 198). Smith's sentencing was originally set for January 10, 2023; it has been continued six times on Smith's motion. Upon the sixth continuance, the Court reset the sentencing hearing for July 12, 2023 and advised that there would be no further delays in sentencing.

On July 11, 2023, the eve of sentencing, Smith's counsel, Winston McKesson, moved to withdraw (Doc. 264). The Court then vacated the July 12, 2023 sentencing and conducted a hearing on that date to inquire into the basis for the motion. Both Smith and McKesson appeared and participated in the hearing. For the following reasons, and those stated fully on the record during the hearing, the motion to withdraw is **DENIED**.

**Discussion**

In considering a motion to withdraw, the Court must inquire into the basis for the withdrawal and consider the "timeliness of the motion," and "whether the conflict [between the defendant and Counsel] [is] so great that it [results] in a total lack of communication preventing

an adequate defense." *United States v. Volpentesta*, 727 F.3d 666, 673 (7th Cir. 2013). Here, Smith's request that McKesson withdraw, and the Court appoint substitute counsel is clearly untimely. Smith retained McKesson in October 2020 and never raised concerns nor requested that he withdraw until July 11, 2023, the day before the scheduled sentencing. Given the history of delays in this case at the request of Smith and McKesson, and based on the inquiry conducted by the Court during the hearing, the eleventh-hour motion to withdraw (filed at Smith's request) appears to be tactical – an effort to further delay Smith's sentencing. *See United States v. Hall*, 35 F.3d 310, 313–14 (7th Cir. 1994) (request after defendant pled guilty and just ten days before sentencing hearing appeared to be an "effort to derail the sentencing that was fast approaching").

Moreover, there is no indication that Smith and McKesson's relationship has deteriorated to the point where there is a "total lack of communication preventing an adequate defense." During the hearing, Smith acknowledged that he has communicated with McKesson on multiple occasions by telephone and in person. McKesson also did not believe there were communication issues. While Smith complains that he does not believe McKesson has spent an adequate amount of time on his case and does not agree with McKesson's litigation strategies regarding the Presentence Report ("PSR"), his disagreements about litigation strategy do not warrant appointment of new counsel at this juncture. *See*, *United States v. Taylor,* 128 F.3d 1105, 1110 (7th Cir. 1997) (a disagreement about trial strategy does not in and of itself require withdrawal and substitution of counsel).

The resolution of this case cannot, in the interest of justice, be delayed any further. McKesson has provided representation to Smith for almost three years, including making efforts (though unsuccessful) to reduce Smith's sentencing exposure, and filing a sentencing

memorandum Smith's behalf – all that remains is for McKesson to orally present his arguments at sentencing (now set for July 17, 2023). Accordingly, the Motion to Withdraw is denied.

**IT IS SO ORDERED.**

**DATED: July 13, 2023**

**STACI M. YANDLE**
**United States District Judge**